UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KARAPET HAMASYAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:17-cv-08514-JDE<br><br>MEMORANDUM OPINION AND<br>ORDER |

Plaintiff Karapet Hamasyan ("Plaintiff"), proceeding without counsel, filed a Complaint on November 22, 2017, seeking review of the Commissioner's denial of his application for supplemental security income benefits ("SSI"). Dkt. 1. The parties consented to proceed before a magistrate judge. Dkt. 8, 10, 13. Pursuant to the procedures set forth in the Case Management Order, Plaintiff and the Commissioner each filed cross-motions for judgment on the pleadings. Dkt. 18 ("Motion") and Dkt. 19 ("Cross-Motion"), respectively. No optional reply brief was timely filed. The matter now is ready for decision.

# I.

## BACKGROUND

Plaintiff filed an application for SSI on April 8, 2014, alleging disability commencing on September 1, 2012. Administrative Record ("AR") 151-57. After his application was denied (AR 77-90), Plaintiff requested an administrative hearing (AR 100-02), which was held on May 20, 2016. AR 36-76. Plaintiff, represented by a non-attorney representative, appeared and testified before an Administrative Law Judge ("ALJ").

On July 14, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 15-35. The ALJ found Plaintiff had not engaged in substantial gainful employment since April 8, 2014 and suffered from severe impairments of depression, anxiety, disorder of the back, and rotator cuff tear of the shoulders. AR 20. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Id. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform the demands of medium work as defined in 20 C.F.R. § 404.1567(c), including (AR 22):

> [L]ifting up to 50 pounds occasionally and 25 pounds frequently, and sitting, standing and/or walking up to 6 hours in an 8-hour workday, with the following additional restrictions: the [Plaintiff] can only have incidental contact with co-workers and the public, occasional contact with supervisors, and he is limited to simple routine tasks and to making simple work-related decisions. He is further limited to no more than occasional reaching overhead with the left arm.

The ALJ found Plaintiff was capable of performing his past relevant work as a "melter and supervisor jewelry department." AR 30. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act. AR 31. On October 18, 2017, the Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7.

## II.

## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Id. at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## B. Standard for Determining Disability Benefits

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine if the impairments "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling 96-8p. After determining the RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant

4

cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.

## DISCUSSION

Plaintiff presents four issues , renumbered herein (Motion at 2):

Issue No. 1: Whether the ALJ failed to properly evaluate Plaintiff's depression and anxiety disorders by not incorporating the limitations raised by the examining and non-examining sources into the hypotheticals posed to the vocational expert ("VE");

Issue No. 2: Whether the ALJ erred in failing to assist Plaintiff in fully developing his claim by not referring Plaintiff to an orthopedic consultative examination as requested at the hearing;

Issue No. 3: Whether the ALJ failed to properly evaluate Plaintiff's severe physical impairments and resulting limitations; and

Issue No. 4: Whether the ALJ's finding at Step Five directly contradicts his finding at Step Four.

### A.  Mental Limitations

Plaintiff argues the ALJ did not properly evaluate Plaintiff's depression and anxiety disorders by not incorporating the limitations raised by the examining and non-examining sources into the hypotheticals posed to the VE.

On June 10, 2014, Jeriel Lorca, M.D. ("Dr. Lorca"), an examining physician, opined that Plaintiff had moderate limitations with regard to: (1) performing detailed and complex tasks; (2) completing a normal workday or work week without interruptions resulting from any psychiatric conditions; (3) interacting with coworkers and the public; and (4) dealing with the usual stresses encountered in competitive work. AR 248. Dr. Lorca also assessed that Plaintiff had mild limitations concerning the ability to: (1) perform simple and repetitive tasks; (2) maintain regular attendance; and (3) perform work activities on a consistent basis. Id. Dr. Lorca found Plaintiff had no limitations with regard to performing work activities without additional supervision or accepting instructions from supervisors. Id.

On August 12, 2014, Joshua D. Schwartz, Ph.D. ("Dr. Schwartz"), a non-examining physician, opined Plaintiff had moderate limitations in his ability to: (1) understand and remember detailed instructions; (2) sustain an ordinary routine without special supervision; (3) complete a workday and workweek without interruptions from psychologically based symptoms; (5) perform at a consistent pace without an unreasonable number and length of rest periods; (6) interact appropriately with the general public; and (7) respond appropriately to changes in the work setting. AR 87-88. Dr. Schwartz further assessed that Plaintiff was not limited regarding the ability to: (1) remember locations and work-like procedures; (2) understand and remember very short and simple instructions; (3) carry our very short and simple instructions; (4) maintain attention and concentration for extended periods; (5) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (6) work in coordination with or in proximity to others without being distracted by them; (7) make simple work-related decisions; (8) ask simple questions or request assistance; (9) accept instructions and respond appropriately to criticism from supervisors; (10) get along with

coworkers or peers without distracting them or exhibiting behavioral extremes; (11) maintain socially appropriate behavior and to adhere to the basic standards of neatness; (12) be aware of normal hazards and take appropriate precautions; (13) travel in unfamiliar places or use public transportation; and (14) set realistic goals or make plans independently of others. Id.

The ALJ gave "great" and "considerable" weight to the opinions of Drs. Lorca and Schwartz because their findings were consistent and supported by the medical evidence of record. AR 29. The ALJ found Plaintiff had moderate difficulties regarding concentration, persistence, or pace. AR 21.

Plaintiff argues that despite giving heightened weight to these opinions, the ALJ failed to incorporate the opinions' limitations during Step Four and failed to incorporate those opinions into the hypothetical questions posed to the VE. Motion at 4. Plaintiff contends "concentration, persistence, or pace are not the same thing as being limited to simple, repetitive tasks." Id. at 5. The Commissioner argues the moderate limitations assessed by Drs. Lorca and Schwartz are consistent with the ALJ's assessment limiting Plaintiff to incidental contact with coworkers and the public, occasional contact with supervisors, simple routine tasks, and simple work-related decisions. Cross-Motion at 5.

The Court finds the ALJ properly accounted for Plaintiff's moderate mental limitations assessed by Drs. Lorca and Schwartz. See Walsh v. Berryhill, 2017 WL 7859362, at *5-6 (C.D. Cal. Nov. 29, 2017) (finding ALJ's hypothetical question to VE was proper as the limitation therein to "simple repetitive tasks" accounted for plaintiff's "moderate difficulties" in "concentration, persistence, and pace."); see also Stubbs–Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (holding ALJ's RFC finding properly incorporated the limitations identified by doctors, including those related to concentration, persistence, and pace). An ALJ's hypothetical question to a VE

7

must account for all the claimant's limitations. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 956 (9th Cir. 2002) (citations omitted). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, and pace where the assessment is consistent with the restrictions identified in the medical testimony." <u>Stubbs–Danielson</u>, 539 F.3d at 1173-74.

Here, the ALJ's RFC specifically provided that Plaintiff could only have "incidental contact with coworkers and the public," "occasional contact with supervisors," "simple routine tasks," and "simple work-related decision." AR 22. These restrictions are consistent with the restrictions identified in the medical testimony of Drs. Lorca and Schwartz. AR 87-88, 248. Drs. Lorca and Schwartz both concluded—despite moderate limitations with concentration, persistence, or pace—Plaintiff generally retained the ability to perform simple tasks with limited contacts with others. <u>Id.</u> The ALJ properly accounted for Plaintiff's moderate mental limitations assessed by Drs. Lorca and Schwartz.

### B.    <u>Physical Limitations</u>

Plaintiff contends the ALJ erred in failing to assist Plaintiff in fully developing his claim by not referring Plaintiff to an orthopedic consultative examination as requested at the hearing.

During the 2016 hearing, Plaintiff's representative requested Plaintiff be referred to a consultative examination, preferably an orthopedic examination, because Plaintiff's alleged physical impairments were orthopedic in nature and he had not been examined by agency referred physicians for those impairments. AR 39-42. The ALJ stated she would consider the issue, but she did not address the issue in her decision. AR 42. The ALJ found Plaintiff had the severe physical impairments of disorder of the back and rotator cuff tear of the shoulders, but the ALJ still concluded Plaintiff could perform medium work as defined in 20 C.F.R. 416.967(c) with some restrictions. AR 20, 22.

Plaintiff argues "it was brought to the ALJ's attention that plaintiff had attained age 55 on September 27, 2015, and with a limitation to a light exertional level of activity, and with a hypothetical limitation to simple, repetitive tasks, and orthopedic [consultative examination] was pertinent and necessary, because if the orthopedic examiner were to opine that plaintiff was limited to a light exertional level of activity then plaintiff would not be able to perform his past jobs, and GRID Rule 202.06 would direct a finding of disabled at age 55." Motion 3. The Commissioner counters that Plaintiff "points to no ambiguity or insufficiency in the evidence requiring a physical consultative examination," and Plaintiff has "waived the issue by relying on conclusory assertions and failing to present any cogent argument in his initial brief." Cross-Motion 3-4.

On the present record, substantial evidence does not support the ALJ's conclusion regarding Plaintiff's physical limitations in the RFC. No medical opinion of record addresses Plaintiff's work-related physical functional capacity. The ALJ could not properly rely on the ALJ's own lay understanding to interpret the medical records and the medical examination results so as to gauge the functional seriousness of Plaintiff's severe impairments. See Recio v. Berryhill, 2018 WL 4859257, at *2-3 (C.D. Cal. Oct. 5, 2018); see also Tackett, 180 F.3d at 1102-03; Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975). Thus, absent expert assistance, the ALJ could not competently translate the medical evidence in this case into an RFC assessment. See Tackett v. Apfel, 180 F.3d at 1102-03 (holding ALJ's residual functional capacity assessment cannot stand in absence of evidentiary support); Day, 522 F.2d at 1156 (holding an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record).

For example, the ALJ appears to have inferred from Plaintiff's treatment that his severe back disorder and rotator cuff tear of the shoulders does not

reduce his functionality below the capacity to perform medium work. AR 30. The ALJ reasoned that if Plaintiff's physical impairments had been "truly limited" to the extent alleged, his treating physicians would have made note of such limitations in the records and he would have received more treatment than chiropractic and physical therapy. Id. However, the ALJ lacks the medical expertise to draw this speculative inference. The ALJ is not competent to opine regarding the relationship, if any, between Plaintiff's severe physical impairment treatments and the particular limiting effects of the impairments symptoms. See Recio, 2018 WL 4859257, at *2-3. Furthermore, the record contains x-rays pertaining to Plaintiff's severe physical impairments. AR 296-97. Inferring functional capacity from the radiologists' readings of these x-rays would also appear to be beyond the medical expertise of the ALJ. Recio, 2018 WL 4859257 at *2.

The ALJ should have more fully and fairly developed the insufficient and ambiguous record in the present case on the above issues. See Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . "); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding ALJ's duty to develop the record further is triggered "when there is ambiguous evidence or when the record is inadequate to allow for the proper evaluation of the evidence") (citation omitted); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("[T]he ALJ has a special duty to fully and fairly develop the record to assure the claimant's interests are considered. This duty exists even when the claimant is represented by counsel."). Here, the ALJ should have ordered examinations and evaluations of Plaintiff by a consultative physician with the appropriate specialty. See Reed v. Massanari, 270 F.3d 838, 843 (9th Cir. 2001) (holding where available medical evidence is insufficient to determine

10

the severity of the claimant's impairment, the ALJ should order a consultative examination by a specialist); accord Kish v. Colvin, 552 F. App'x 650, 651 (9th Cir. 2014).

Further, the Court does not find Plaintiff waived his argument on this issue. Plaintiff pointed to insufficiency in the evidence by stating an orthopedic consultative examination was "pertinent and necessary" because if the examination revealed Plaintiff was limited to a light exertional level of activity, then he would not be able to perform his past jobs. Motion at 3. Plaintiff contended the evidence was insufficient because he "had never been examined by agency referred physicians for his physical impairments." Id.

The Court is unable to deem the errors in the present case to have been harmless. See Molina, 674 F.3d at 1115 (holding an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (holding error is not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

## C. Remand is appropriate.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

The Court finds that remand for further proceedings is appropriate to permit the ALJ to further fully and fairly develop the record consistent with the

foregoing. As further development of the record may have a material impact on multiple areas of the sequential evaluation, the ALJ is free to conduct such further proceedings and make such further findings as may be warranted. Because the further proceeding directed herein may materially impact the ALJ's findings which form the basis for Plaintiff's arguments in Issue Nos. 3 and 4 herein, the Court declines to reach the merits of those arguments at this time as they may be addressed appropriately by the ALJ if such issues arises upon further proceedings as directed herein.

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: November 16, 2018

_____
JOHN D. EARLY
United States Magistrate Judge